CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 05 2010

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| QUENTIN MCLEAN,<br>    Plaintiff, | Civil Action No. 7:10cv00032 |
| v. | **MEMORANDUM OPINION** |
| MR. WADE, et al.,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Quentin McLean, a Virginia prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. However, this court has dismissed three of McLean's previous complaints for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Therefore, McLean may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As McLean has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice and denies his motion

---

[1] See McLean v. Faust, No.2:99cv625 (E.D. Va. June 2, 1999) (dismissed with prejudice for failure to state a claim); McLean v. Bolling, No. 7:99cv341 (W.D. Va. July 26, 1999) (dismissed with prejudice for failure to state a claim); McLean v. United States, No. 2:06cv447 (E.D. Va. Sept. 12, 2006) (dismissed with prejudice for failure to state a claim).

[2] McLean alleges that the defendants have served him "contaminated" food since July 2009. The court conditionally filed this action and gave McLean an opportunity to amend his complaint to provide more detail regarding the allegedly contaminated foods, when the foods were served to him, and whether he suffered any resulting injury. In response to the court's conditional filing order, McLean indicated that he received contaminated food a total of 11 times: three times in July 2009 (liquid in his cookies once, a foul odor in his bread bun once, and saliva in his food once), twice in August 2009 (body fluids in his syrup once and urine in his beans once), twice in October 2009 (glass particles and powder in his potatoes once and hairs in his foods once), and four times in November 2009 (fluids in his pancakes once powder or dust and fluids in his syrup and oatmeal once, and glass particles and powder in his potatoes twice). McLean does not provide any evidence of these alleged contaminations beyond his mere speculation. McLean also alleged instances between July 2009 and November 2009 in which his foods were "shaken" together or "exposed to air." Although McLean makes vague and conclusory allegations that he has received "contaminated and adulterated" food in January and February 2010, he does not provide any supporting details of these alleged occasions as directed by the court. In addition, McLean provides the court with a copy of a letter, dated December 19, 2009, written to prison officials, in which he indicated that his problems with food service "no longer exist." As resulting injuries from the allegedly contaminated foods he received, but did not eat, McLean states that he has suffered "severe headaches," light headedness, shortness of breath, skin breakouts, weakness, and "gradual weight loss" (from July 2009 to February 2010, he lost a total of 12 pounds). Upon consideration of his allegations in his amended complaint, the court finds that McLean has not demonstrated that he is in imminent danger of serious physical harm.

to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTER:** This 5th day of March, 2010.

_____
United States District Judge